**AERO TURBINE, INC., Plaintiff—Appellant,**

v.

**AEROTURBINE, INC., Defendant—Appellee.**

No. 02–16465.

D.C. No. CV–01–00532–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2003.

Decided Aug. 7, 2003.

Before D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP, Distict Judge.*

MEMORANDUM **

In this trademark dispute, plaintiff-appellant Aero Turbine, Inc., appeals the district court's grant of summary judgment for defendant-appellee Aero Turbine, Inc., on the basis of laches. Because appellant's mark was never taken out of the public domain, we affirm.

To determine whether appellee was entitled to summary judgment based on the laches defense, the district court applied the six-factor test from *E–Systems, Inc. v. Monitek, Inc.,* 720 F.2d 604 (9th Cir.1983). The first factor of that test required the court to consider the evidence regarding

---

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the strength and value of the trademark rights asserted.

Reviewing the issue de novo, we hold that the district court was correct in finding that appellant's mark was descriptive rather than suggestive. A "descriptive" term "specifically describes a characteristic or ingredient of an article or service"; a "suggestive" term "suggests rather than describes an ingredient, quality, or characteristic of the goods and requires imagination, thought, and perception to determine the nature of the goods." *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.,* 601 F.2d 1011, 1014–15 (9th Cir.1979).

■ The district court determined, and it is not challenged now, that the term "aero" means "of or relating to aircraft or aeronautics," and that "turbine" means a "rotary engine actuated by the reaction or impulse or both of a current of fluid (as water, steam, or air) subject to pressure and usually made with a series of curved vanes on a central rotating spindle." Taken together, these terms convey that appellant's business concerned turbines relating to aircraft or aeronautics. The evidence indicated that this was in fact so. In a May 2001 letter, appellant told a potential customer that it was "in the aircraft turbine engine and accessory overhaul business." Appellant's brochure similarly stated that its mission was to "provide the highest quality standard of turbine engine and accessory services available for our U.S. and international customers."

A descriptive mark is protectable only if secondary meaning has been shown. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.,* 287 F.3d 866, 873 (9th Cir.2002). It is undisputed that appellant submitted no evidence showing that its mark had acquired secondary meaning.

■ The fact that appellant also offered services unrelated to turbine engines did not prevent its mark from being descriptive. *See In re Dial–A–Mattress Operating Corp.,* 240 F.3d 1341, 1346 (Fed.Cir. 2001). Furthermore, the doctrine of judicial estoppel did not prevent appellee from arguing that appellant's mark was merely descriptive. In a separate and earlier domain-name-dispute arbitration, appellee contested the assertion that its own mark was merely generic and said that it had a registered mark that was entitled to protection. Because the record demonstrates only that the arbitrator found that appellee's rights were superior to the domain-name owner's, and not that the arbitrator accepted that the term "AeroTurbine" was not merely generic or descriptive, judicial estoppel was inapplicable. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir.2001).

In light of the foregoing, appellant's mark was not entitled to protection. Irrespective of the merits of the laches defense, the grant of summary judgment on behalf of appellee is AFFIRMED.

AFFIRMED.